The action in this case is founded upon the contract of the defendant, who undertook to deliver the goods in question at the port of New Bern, dangers of the sea excepted. They have not been delivered; and it is admitted by the case that this default has not been occasioned by any peril of the sea, but through the unskillfulness of a pilot. Now, it may be asked, if the circumstance that the vessel was to be placed under the direction of a pilot was not at least known to the defendant. And whether, if he had thought proper, he could not have provided against a loss whilst in the hands of the pilot. It is, however, sufficient to say the defendant has not provided against it; and, being bound to insure against every accident or event not excepted, he must answer to the plaintiff for a nonperformance. Had the defendant been charged with a tort for some injury done by the vessel whilst under the control of the pilot, that case would have differed widely from the present. The defendant in (525) such case, not being the author of the mischief, neither continuing *Page 383 
it nor having it in his power to avoid it, would not be liable; but should he, in such case, have become insurer against it, it would hardly be doubted but that he would be liable upon his engagement.
The directions to the jury below were clearly wrong, and the rule for a new trial should be absolute.
RUFFIN, J., concurred in the opinion of SEAWELL, J.
Cited: Wiswall v. Brinson, 32 N.C. 557.